**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

————————————————————————————————————

**WISCONSIN LABORERS' PENSION FUND,**
**WISCONSIN LABORERS' HEALTH FUND,**
**WISCONSIN LABORERS' APPRENTICESHIP**
**AND TRAINING FUND, and**
**KENT MILLER (in his capacity as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

          **Plaintiffs,**

  **v.**                                                        **Case No.  26-cv-310**

**CARD CONSTRUCTION, LLC,**

          **Defendant.**

————————————————————————————————————

**COMPLAINT**

————————————————————————————————————

    **NOW COME** Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Alex J. Sterling, and as and for a cause of action against the Defendant, allege and show to the court the following:

### Jurisdictional and Venue

1.    Jurisdiction of this Court upon defendant Card Construction, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the plaintiffs are aggrieved by the defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the

provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and section 301 of the LMRA.

2.      Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiff Funds are administered at offices located in Dane County, Wisconsin.

### Parties

3.      Plaintiff Wisconsin Laborers' Pension Fund, Wisconsin Laborers' Health Fund, and Wisconsin Laborers' Apprenticeship and Training Fund are employee benefit plans within the meaning of ERISA §§ 3 (1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002 (1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said plans maintain offices at 4633 LIUNA Way, Suite 201, Deforest, Wisconsin 53532.

4.      Plaintiff Kent Miller is a Trustee and a fiduciary of the Wisconsin Laborers' Pension Fund and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Miller maintains an office at 4633 LIUNA Way, Suite 101, Deforest, Wisconsin 53532.

5.      Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET") is an employee benefit plan governed by a Board of Trustees consisting of union and management appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws. Said Fund maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

2

6.      Card Construction, LLC ("Card Construction") is a domestic limited liability corporation, engaged in business, with principal offices located at N6150 Julianna Road, Lot 305, Black River Falls, Wisconsin 54615.  Its registered agent for service of process is Corporate Service Center, Inc., 2300 Riverside Drive, Green Bay, Wisconsin 54301.

## Facts

7.      Card Construction is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

8.      For all times relevant, Card Construction was and remains a party to and agreed to abide by the terms of a collective bargaining agreements ("Labor Agreements") between itself and the Wisconsin Laborers District Council.

9.      The Labor Agreements described herein contain provisions whereby Card Construction agreed to make contributions and payments to the Plaintiff Funds by the fifteenth day of the month after the one during which the work was performed.

10.     By execution of said Labor Agreements, Card Construction adopted the trust  agreements and amendments thereof; which establish and govern the Plaintiff Funds and are necessary for their administration, and designated as their representatives on the Boards of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to policy on employer accounts.

11. Despite demands that Card Construction perform its statutory and contractual obligations, Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to pay contributions to the Plaintiff Funds pursuant to the collective bargaining agreement, trust agreements, and employer account policies to which the company is bound. Card Construction may be indebted to the Plaintiff Funds as follows:

Unaudited Period August 5, 2025, to the present:

| | |
|---|---|
| Wisconsin Laborers' Pension Fund | Unknown |
| Wisconsin Laborers' Health Fund | Unknown |
| Wisconsin Laborers' Apprenticeship and Training Fund | Unknown |
| LECET | Unknown |

12. Despite demands from the Plaintiff Funds' auditor, Card Construction has not complied with the auditor's request for certain books and records needed to complete an audit for the period August 5, 2025, to the present.

**Claim One Against Card Construction, LLC**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

13. As and for a first claim for relief against Card Construction, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 12 above and incorporate the same as though fully set forth herein word for word.

14. Card Construction has failed to remit to the Plaintiff Funds for all contributions required by its labor agreements with the Wisconsin Laborers District Counsel, in violation of 29 U.S.C. §1145.

15. Therefore, on all contributions that remain unpaid from August 5, 2025, through the date of the filing of this Complaint, the Plaintiff Funds are entitled to recover from Card Construction all owed contributions; as well as their reasonable attorneys' fees

4

of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §1132(g), the Policy on Employer Accounts, and the applicable Labor Agreements.

**WHEREFORE**, Plaintiffs demand the following relief:

1.     Judgment on behalf of the Plaintiff Funds and against Card Construction, LLC:

   A.     For unpaid contributions, interest, and liquidated damages owed to Plaintiffs for the period August 5, 2025, to the present;

   B.     For unpaid contributions, interest, and liquidated damages owed to Plaintiffs becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

   C.     Reasonable attorney fees and the costs of this action.

2.     An order directing Card Construction, LLC to fully submit to an audit of the company's books and records by the Pension Fund's auditor for the period August 5, 2025, to the present.

3.     The Court should retain jurisdiction pending compliance with its order.

4.     For such other, further, or different relief as the Court deems just and proper.

<div align="center">

**Claim Two Against Card Construction, LLC for
Violation of LMRA § 301 (29 U.S.C. § 185)**

</div>

16.     As and for a second claim for relief against Defendant, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17.     Due demand has been made upon Defendant for payment of all contributions, interest, and liquidated damages owed to the LECET, but Defendant has

refused to pay them, and amounts remain due and owing.

18.     Because, as LECET is informed and believes, Defendant has not paid timely and prompt contributions, LECET's income is reduced and benefits provided to participants are affected. Consequently, LMRA has been violated, and LECET is entitled to all of the remedies provided by LMRA.

**WHEREFORE**, LECET demands the following relief:

1.     Judgment on behalf of LECET and against Card Construction, LLC:

    A.     For unpaid contributions, interest, and liquidated damages owed to LECET for the audit period August 1, 2025, through the present;

    C.     For unpaid contributions, interest, and liquidated damages owed to LECET becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D.     Actual attorney fees and the costs of this action.

2.     For such other, further, or different relief as the Court deems just and proper.

Dated this 15th day of April 2026.

<div style="margin-left: 40%;">

/s/ Alex J. Sterling_____
Alex J. Sterling (SBN: 1107931)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI   53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com

</div>